UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| PEDRO J. REYES MURIEL,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WAYNE T. SALISBURY, JR.,  )<br>    Defendant.  )<br>  ) | C.A. No. 25-cv-424-JJM-PAS |

ORDER

    Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 2") dictates the form and substance of a habeas petition. In order to substantially comply with the Habeas Rule 2, a petitioner must state specific, particularized facts that entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the Court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review. *See Mayle v. Felix*, 545 U.S. 644, 649, 655-56 (2005) (a "notice pleading" is not enough to satisfy Rule 2(c), because the petitioner is expected to state facts that point to the real possibility of constitutional error). Before the Court is Petitioner Pedro J. Reyes Muriel's Petition for Habeas Corpus and Motion for Evidentiary Hearing. ECF Nos. 1, 11. Upon review of Mr. Reyes' petition for writ of habeas corpus, the Court finds that it fails to comply with the Habeas Rule 2 requirements because it fails to state the facts supporting each ground for relief.

    The Court recognizes that allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers" and are entitled to a

liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). But in the absence of an understandable statement by petitioner of his claims for habeas corpus relief and of the facts supporting those claims, it is impossible for the opposing party to respond to the petition. In addition, it is impossible for the Court to ascertain the substance of petitioner's claims and whether there is any merit to them. With the assistance of counsel the Court has appointed to represent Mr. Reyes throughout this action, the Court directs him to resubmit a habeas corpus petition that complies with the requirements set forth in Rule 2.

Accordingly, IT IS HEREBY ORDERED:

1. The Petitioner shall file an Amended Petition that complies with Rule 2 of the Rules Governing Section 2254 Cases by clearly specifying each ground for relief and stating facts supporting each ground.

2. The Amended Petition shall be filed within sixty days of the date of this Order.

3. Respondent shall file a response to the Amended Petition within thirty days after the Amended Petition is filed.

4. Petitioner's Motion for Evidentiary Hearing is DENIED WITHOUT PREJDUICE as moot. ECF No. 11.

Failure to timely comply with this Order may result in dismissal of this action.

2

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief United States District Judge

January 15, 2026

Case 1:25-cv-00424-JJM-PAS   Document 14   Filed 01/15/26   Page 3 of 3 PageID #: 241